464 So.2d 1005 (1985)
Thomas SHOEMAKER, et al.
v.
FIDELITY FINANCE, INC. OF ZACHARY.
Thomas SHOEMAKER, et al.
v.
FIDELITY FINANCE, INC. OF BAKER.
Nos. CA 84 0089, CA 84 0090.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Writ Denied May 3, 1985.
*1006 James C. Ferguson, Baton Rouge, for Thomas Shoemaker, et al.
John Engelsman, Baker, for Fidelity Finance, Inc. of Zachary.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
Defendants made two loans to Thomas and Lois Shoemaker on August 1, 1977. When both loans became delinquent defendants filed suits on July 25, 1980 and August 4, 1980. Judgments were rendered in defendants' favor. However, defendants failed to credit the Shoemakers any unearned interest due them despite declarations in the suit that such credit had been given. On February 2, 1980, defendants issued a writ of fieri facias against the Shoemakers in which Thomas Shoemaker's salary was garnished in the amount of $6,247.84. Additionally, a writ of seizure and sale was issued against plaintiffs' immovable property situated in Clinton, Louisiana. Plaintiffs obtained an injunction to halt the sale of the property.
On February 18, 1981, plaintiffs filed suit alleging defendants' failure to credit unearned interest prior to filing suit thereby subjecting defendants to penalties provided by the Louisiana Unfair Trade Practices and Consumer Protection Law, and the Louisiana Consumer Credit Law (La.R.S. 9:3510 et seq.).
Defendants credited plaintiffs' account with the proper interest on April 8 and 9, 1981. Judgment was rendered on October 24, 1983 in favor of plaintiffs for the sum of $10,164.75, plus $429.95 for insurance premium rebates and $2,500.00 in attorney's fees.
Defendants have appealed the judgment of the trial court asserting the following assignments of error:
(1) The trial court erred in granting the plaintiffs relief when they had not complied with the notice requirements set forth in La.R.S. 9:3552.
(2) The trial court erred in finding the actions of defendants in bad faith.
(3) The trial court erred in finding defendants were under a duty to cancel plaintiffs' insurance and rebate the unearned premiums when suing on the delinquent notes.
Plaintiffs have answered this appeal.

DEFENDANT'S ASSIGNMENT OF ERROR NO. 1
By way of this assignment of error defendants assert the trial court erred in granting the plaintiffs relief when defendants did not satisfy the notice requirements set forth in La.R.S. 9:3552. Specifically, defendants argue that La.R.S. 9:3552 is clear in the requirement, in part, that written notice be given to the creditor by certified mail.
La.R.S. 9:3552 is penal in nature and must therefore be given strict construction. *1007 Under this statute if a court finds that an extender of credit has violated a provision of the Consumer Credit Law intentionally or as a result of error not in good faith, the consumer may recover any loan finance charges together with three times the amount of such loan finance charge and reasonable attorney's fees. However, the right to recover this civil penalty only accrues after the required notice is given the extender of credit. This requirement may not be circumvented by merely filing suit against a creditor as plaintiff would have us believe. This notice requirement is obviously an attempt to allow a creditor to voluntarily remedy an error without the need for judicial intervention. Once suit is filed, the time for voluntary remedial steps is passed and legal relief has been sought. Therefore, in light of the above and foregoing reasons, plaintiffs may not avail themselves of the penalties provided by La.R.S. 9:3552.
Inasmuch as the plaintiffs failed to give the mandated written notice, the judgment of the trial court must be reversed.
We pretermit discussion of the other assignments of error.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and plaintiffs' suits are dismissed at plaintiffs' costs.
REVERSED AND RENDERED.