|2FOGG, Judge.
The plaintiffs, Willie J. Shelton and Lucy Bradford Shelton, appeal the dismissal of their action for penalties under the Louisiana Consumer Credit Law, LSA-R.S. 9:3510 et seq. For the following reasons, we affirm.
On March 11, 1981, the Sheltons borrowed $10,194.00 from Louisiana Financial Associates. They signed a note for $33,458.40 to be paid in monthly installments of $278.82, commencing on April 16, 1981 and due and payable on the same day of each month thereafter with the last payment being due on March 16, 1991. Included in the amount of the loan was the purchase of a credit life insurance policy for $3,345.84. The promissory note given to represent the debt was assigned to defendant, Chrysler First Financial Services Corporation (Chrysler). On December 16, 1985, the plaintiffs paid the debt in full.
On July 21,1989, the Sheltons brought this action to recover penalties from Chrysler for the failure to rebate the unearned portion of the credit life insurance premium. Chrysler responded by filing a peremptory exception raising the objection of prescription.
After trial on the merits, the trial court sustained the exception of prescription and dismissed the Sheltons' action against Chrysler with prejudice. The Sheltons appeal that judgment, contending the trial court erred in sustaining the exception of prescription, in failing to award them penalties for violation of the Louisiana Consumer Credit Law, and in failing to award them the amount of the insurance premiums, plus legal interest.
LSA-R.S. 9:3552(E) provides:
Any civil action under this section must be brought within sixty days of final payment of the consumer credit contract, or in the case of a revolving loan or revolving charge account, within one year of the date of the violation.
The note sued on provided for a final payment on March 11, 1991. The Sheltons prepaid the loan in full on December 16, 1985. | jjThe trial court found that the date of the final payment of this consumer credit contract became December 16, 1985, the date the plaintiffs elected to pay the final payment. The Sheltons then had sixty days from that date, under LSA-R.S. 9:3552(E), to bring their civil action under the Louisiana Consumer Credit Law. Because the suit was brought more than three years later, it was untimely.
The Sheltons contend the language “final payment of the consumer credit contract” is the date in which the last regularly scheduled installment would have been due. We agree.
Words and phrases of a statute shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When the wording of a statute is clear and unambiguous, the letter of it shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. The words “within sixty days of final payment of the consumer credit contract” clearly state that the period begins to run on the date of the final payment of the consumer credit contract, thereby requiring a reference to the actual date of final payment shown on the consumer credit contract. These words are clear and unambiguous, and, therefore, must be applied as written. The date of final payment shown on the consumer contract was March 11, 1991; the suit was filed on July 21, 1989. Therefore, the suit was timely. The trial court erred in sustaining the exception of prescription.
*531 Furthermore, the case of Fidelity Funds, Inc. v. Price, 491 So.2d 681 (La.App. 1st Cir.1986), relied on by Chrysler, is not dis-positive of the issue herein. In Fidelity Funds the lender exercised its option to accelerate the note when it filed suit for nonpayment. We held that, at the time of filing of suit, “the note, in its entirety, became due and payable, making the date of final payment of this consumer credit contract [the date suit was filed]”, not the date the final payment was paid as asserted by the creditor. Fidelity Funds, 491 So.2d at p. 684. This change in the date was provided for by the acceleration clause contained in the note. Herein, there is no provision in the note to change the date |4if the borrower elects to prepay.
Appellants contend that the trial court erred in failing to award them penalties, as provided for by LSA-R.S. 9:3552(A)(l)(a), for the violation of the Louisiana Consumer Credit Law. LSA-R.S. 9:3552(A)(l)(a) provides, in pertinent part,
A. Violations discovered as a result of written consumer complaint
(1) Intentional violations or violations not caused by good faith errors.
(a) If the court finds that the extender of credit has intentionally or as a result of error not in good faith violated the provisions of this chapter, the consumer is entitled to a refund of all loan finance charges or credit service charges and has the right to recover three times the amount of such loan finance charge or credit service charge together with reasonable attorney’s fees. The right to recover the civil penalty under this subsection accrues only after
(i) written notice is given to the extender of credit by certified mail addressed to the extender of credit’s place of business in which the consumer credit transaction arose;
(ii) a copy of such notice is mailed to the extender of credit’s agent for service of process; and
The record contains no evidence of compliance with Section 3552(A)(l)(a)(ii); that is, there is no evidence in the record that a copy of the notice was sent to the extender of credit’s agent for service of process. The right to the civil penalty accrues only after the required notice is given to the extender of credit. Shoemaker v. Fidelity Finance, Inc. of Zachary, 464 So.2d 1005 (La.App. 1st Cir.), writ denied 467 So.2d 1130 (La.1985). Therefore, the plaintiffs have failed to carry their burden of proving they are entitled to the penalties they seek. The trial court erred in not dismissing plaintiffs’ suit on this basis.
Appellants’ final assignment of error, that the trial court erred in failing to award them the amount of the insurance premiums under a contract theory, lacks merit. The record reflects that the issue of a breach of contract was not before the trial court. Hence, this relief could not be awarded.
For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription is reversed. The judgment [5of the trial court dismissing the plaintiffs’ suit is affirmed, on other grounds. Costs of this appeal are assessed against Willie J. Shelton and Lucy Bradford Shelton.
AFFIRMED.