| iLEMMON, Justice,
concurring in part and dissenting in part.
I concur in the decision that plaintiffs’ claim for penalties and attorney’s fees under La.Rev.Stat. 9:3552 has prescribed.
Plaintiffs, however, also sought the return of the unused portion of the $3,345.84 premium paid for credit life insurance. This claim arises out of general contract law and prescribes only after ten years.
In their petition, plaintiffs alleged that $3,345.84 for credit life insurance was included in the amount of the loan; that defendants failed to secure credit life insurance; and that plaintiffs have been “unable to obtain a refund of unused credit life insurance” that they paid in the loan, despite amicable demand. Although plaintiffs did not specify a request for this refund in their prayer, the trial court had the discretion, after the trial on the merits, to award the refund under La.Code Civ.Proc. art. 862, which authorizes the trial court to “grant the relief to which the party ... is entitled, even if the party had not demanded such relief in his pleadings _”
The trial court on rehearing, and the intermediate court on appeal, refused to award “the amount of the insurance premiums under a contract theory” on the basis that “the issue of a breach of contract was not before the trial court.” 94-1921 |2(La.App. 1 Cir. 5/5/95); 655 So.2d 529, 531. In my view, the trial court abused its discretion in refusing to grant this relief. The request for a refund was certainly implicit in plaintiffs’ pleading, and defendants could not have been surprised or prejudiced if the trial court had ruled on the issue after the trial. Moreover, plaintiffs were clearly entitled to this relief.[1]
I therefore dissent from the majority’s failure to order a refund of the unused portion of the premium for credit life insurance.

. Here, there was no dispute at trial that plaintiffs paid $3,345.84 for credit life insurance and that the insurance was never obtained. In order to defeat its obligation to return this premium, defendants had the burden to prove a refund (or that insurance was obtained, in which case plaintiffs would still be due a partial refund).